**Satpal Singh MULLAR, Jaspal Kaur Mullar, Sukhkirandeep Singh Mullar, Petitioners,**

v.

**Jefferson B. SESSIONS, III, United States Attorney General, Respondent.**

**16-3426**

United States Court of Appeals, Second Circuit.

January 8, 2017

FOR PETITIONERS: Genet Getachew, Brooklyn, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

PRESENT: PIERRE N. LEVAL, RAYMOND J. LOHIER, JR., SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Petitioners Satpal Singh Mullar ("Mullar"), Jaspal Kaur Mullar, and Sukhkirandeep Singh Mullar, natives and citizens of India, seek review of a September 19, 2016, decision of the BIA denying their motion to reopen. *In re Satpal Singh Mullar, Jaspal Kaur Mullar, Sukhkirandeep Singh Mullar*, Nos. A 087 445 586/587/588 (B.I.A. Sept. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's decision for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (internal quotation marks omitted). We review the BIA's factual findings about country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Mullar's motion to reopen, filed almost three years after the final administrative decision was rendered, was untimely. 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for reopening); 8 C.F.R. § 1003.2(c)(2) (same). This time limitation may be excused if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8

C.F.R. § 1003.2(c)(3)(ii). Mullar presses changed conditions for Sikhs since his 2011 merits hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (the agency "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

The BIA was within its discretion to find that Mullar's new evidence did not excuse his untimely motion to reopen. The BIA cited evidence from the 2011 merits hearing that showed both Indian security forces killing demonstrators at protests and Sikhs disproportionately suffering from state violence. Consequently, Mullar's new evidence—about violent Sikh protests—did not reflect a material change in conditions.

Mullar attempts to distinguish the two sets of evidence: the 2011 record described a deadly confrontation that did not involve Sikhs. But the BIA had the discretion to find that the two sets of evidence are of a piece: the Indian government does not tolerate protest, irrespective of who is protesting.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).